## ARKANSAS DEPARTMENT OF HUMAN SERVICES
### *v.* Robert HARDY

93-153                                                          866 S.W.2d 820

Supreme Court of Arkansas
Opinion delivered October 25, 1993

*G. Keith Griffith*, for appellant.

*Eddie N. Christian*, for appellee.

PER CURIAM. The Department of Human Services filed this paternity suit on behalf of the mother of an infant. The complaint asked that the appellee be decreed to be the father of the child and for past and future child support. The chancellor heard the case and, on October 19, 1992, executed a final order deciding the case on its merits. In a separate order, the chancellor decreed: "The Order made and entered by this court on the 19th day of October, 1992, is hereby sealed and filed in-camera and shall not be opened except by order of court of competent jurisdiction." This separate order was signed and entered on October 19, 1992. Neither the

final order, nor the envelope in which it was sealed, are marked as filed by either the judge or the clerk, and consequently neither one is marked with a date of filing. The chancery court clerk made a docket entry showing that the final order was "made and entered" on October 19, 1992. The Department of Human Services now seeks to appeal from the sealed final order.

■ The Department of Human Services lodged the appeal in the court of appeals. The court of appeals questioned the appellate jurisdiction of such a sealed order, and certified the case to this court for an interpretation of the applicable Rule of Appellate Procedure, Rule of Civil Procedure, and Administrative Order. We took the case under submission, but, after two conferences, have decided to request briefing of the jurisdictional question. The briefs submitted by the parties do not touch on the issue of appellate jurisdiction.

We desire the parties to brief the following issues:

1. Does a rule provide for the sealing of a final order? If not, does any law authorize the sealing of a final order?

2. If there is no rule or law authorizing the sealing of a final order, should an appeal be allowed from such an order?

3. Whether there is authority for the sealing of a final order, and for the appeal of such an order, should the State of Arkansas be allowed to participate in such a process? If we approve such a procedure, how would the Child Support Enforcement Unit or other similar agencies obtain information on compliance with the order? If we approve such a procedure involving the State, how could it be limited?

4. If there is some authority for the sealing of a final order, and for the appeal of such an order, was this final order entered in accordance with ARCP Rule 58 and Administrative Order Number 2? Further, what is the effect of the recitation in the sealing order that the final order was "entered"?

5. If there is some authority for the sealing of a final order, and for the appeal of such an order, was the final order entered in accordance with Ark. R. App. P. 4(e)?

6. If we approve the procedure used in this case, how can one know with certainty when the time for notice of appeal starts to run?

The clerk will set the briefing schedule for the parties, and after the briefs filed, we will again take the case under submission.

Briefing on the issue of appellate jurisdiction ordered.